UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JESSE SWINSON III,

        Petitioner,

  v.                                                Case No. 14-C-484

TIM HAINES,

        Respondent.

**ORDER DENYING PENDING MOTIONS**

Petitioner has filed three motions in advance of briefing on the merits of this habeas corpus action. First, he filed a motion to supplement "the oblique and incomplete record." The vast majority of the information he seeks to provide, however, is not properly considered evidence that would normally be part of the record in his case. Instead, Petitioner offers his view of the legislative and administrative history relating to Wisconsin's Earned Release Program and Substance Abuse Program. To the extent that kind of information might be relevant, it is not evidence that requires supplementation. Simply put, argument or legislative history is not part of the record in his state action. If relevant, such matters can be raised in the briefing on the merits.

Second, Petitioner asks the Court to reconsider its ruling consolidating this case with a related action he has brought. In his brief, however, he does not explain why the administrative act of consolidating the cases, which he admits is largely for judicial economy purposes, would prejudice his rights in either of the two actions. In short, there is no reason to believe the outcome of either case will be materially different due to the fact that they are consolidated.

Finally, Petitioner seeks appointment, or to be more precise, recruitment of counsel. His motion, coming just before his brief is due, appears premised largely on the Respondent's comment that one or more of Petitioner's briefs were incoherent and unintelligible. Petitioner uses this statement as evidence that he is unable to litigate this action on his own.

It is evident, however, that Petitioner is perfectly able to communicate his views to the court, and in fact his vocabulary appears to be at a very high level. *Pruitt v. Mote,* 503 F.3d 647, 654 -55 (7th Cir. 2007). The mere fact that the Respondent suggested his filings were not intelligible does not make them so; in fact, calling an opponent's brief nonsensical is a commonplace kind of argument seen frequently in litigation. It is also possible, of course, that there are no coherent arguments supporting Petitioner's claim, which would leave him with only incoherent arguments to offer. If briefing on the merits suggests that there is an argument to be made in support of Petitioner's claim and yet he is unable to meaningfully present it because of his own personal deficiencies or the complexity of the law or facts, appointment of counsel may be reconsidered at that time. At this point, however, neither his own deficits, nor the complexity of the case, warrant recruitment of counsel by the court.

For the reasons given above, all of the pending motions are **DENIED**.

**SO ORDERED** this 2nd day of February, 2015.

    /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court